IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM C. HAMPTON, JR.,

                Plaintiff,

v.

RECOVER-CARE ROSSVILLE, LLC,

                Defendant.

Case No. 25-4007-DDC-BGS

**MEMORANDUM AND ORDER**

Plaintiff William C. Hampton, Jr. alleges that defendant Recover-Care Rossville, LLC[1] unlawfully retaliated against him after he reported that a resident in defendant's facility had touched another employee inappropriately. Defendant has filed a Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 6). Defendant's sole argument is that plaintiff failed to exhaust administrative remedies properly because his attorney—not he—signed the EEOC charge. Title VII regulations require EEOC charges to "be verified." 29 C.F.R. § 1601.9. And they define "verified" to include "supported by an unsworn declaration in writing under penalty of perjury." *Id.* § 1601.3(a). If an attorney—not her client—signs an EEOC charge under penalty of perjury, is the charge "verified" as these regulations require? Guided by the plain text

---

[1] The Complaint lists "Recover-Care Heartland a/k/a Recover-Care Rossville, LLC d/b/a Rossville Healthcare and Rehabilitation Center" as defendant. Doc. 1 at 1 (Compl.). Defendant has clarified that "Recover-Care Rossville, LLC is the correct defendant." Doc. 7 at 1 n.1. Defendant explains that it "does business as 'Rossville Healthcare and Rehabilitation Center,' but is not known as 'Recover-Care Heartland.'" *Id.* Plaintiff doesn't contest this explanation. *See generally* Doc. 15. The court directs the Clerk to update the docket to list "Recover-Care Rossville, LLC d/b/a Rossville Healthcare and Rehabilitation Center" as the defendant in this case.

of the regulations, the court answers "yes." The court thus rejects defendant's argument and denies its motion.

I. **Background**

Based on allegedly unlawful retaliation, plaintiff asserts one claim under Title VII and another under the Kansas Act Against Discrimination. Doc. 1 at 5–7 (Compl. ¶¶ 119–143).[2] Plaintiff dual filed his charge with the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission. *Id.* at 2 (Compl. ¶ 8). That charge is signed under penalty of perjury by "Chloe Elizabeth Davis as counsel for and on behalf of William Hampton Jr." Doc. 7-1 at 10.

II. **Legal Standard**

Defendant moves to dismiss under 12(b)(6) for failure to state a claim. In the alternative, defendant asks for summary judgment under Rule 56. The only extra-Complaint document that defendant's motion references is the EEOC charge that plaintiff filed. Because the Complaint references this paper, the court may consider it under the 12(b)(6) standard.[3] The court thus decides defendant's motion under the Rule 12(b)(6) standard.

But in the end, the legal standard the court uses makes little difference to the outcome. The parties agree on the decisive facts. The court's task is to resolve a straightforward legal question: May an attorney verify an EEOC charge for her client? Still, the court outlines the governing legal standard for 12(b)(6) motions to dismiss.

---

[2]   The numbering system used in the Complaint is a bit unorthodox, jumping from 24 to 119 and then from 26 to 120 and finally from 143 to 64. Doc. 1 at 4–5, 7.

[3]   "A court may consider . . . 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity[.]'" *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1150 n.11 (10th Cir. 2023) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)).

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.     Analysis

Defendant's only argument is that plaintiff failed to exhaust administrative remedies properly.[4] A Title VII plaintiff must exhaust administrative remedies before filing suit. *Jones v. Needham*, 856 F.3d 1284, 1289 (10th Cir. 2017). Among Title VII's exhaustion requirements, a claimant must "submit a 'charge' to the EEOC." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1036 (10th Cir. 2015). "That submission must 'be in writing under oath or affirmation' and 'contain such information and be in such form as the [EEOC] requires.'" *Id.* (alteration in original) (quoting 42 U.S.C. § 2000e-5(b)). "EEOC regulations interpreting the statute reiterate that a charge 'shall be in writing and signed and shall be verified.'" *Id.* (quoting 29 C.F.R. § 1601.9). These "regulations clarify that 'verified' means 'sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury.'" *Id.* (quoting 29 C.F.R. § 1601.3).

Defendant argues that plaintiff failed to abide this verification requirement because plaintiff's attorney—not plaintiff himself—signed the EEOC charge under penalty of perjury. The court disagrees.

The plain language of the regulation doesn't require the plaintiff himself to verify the charge. Instead, EEOC regulations just require that the charge "be verified." 29 C.F.R. § 1601.9. And a charge "supported by an unsworn declaration in writing under penalty of perjury" satisfies the verification requirement. *Id.* § 1601.3(a). The charge plaintiff submitted is "supported by an unsworn declaration in writing under penalty of perjury." *Id.* It thus meets

---

[4] Defendant initially made a second argument for dismissal based on judicial estoppel. But defendant explicitly has abandoned this argument. Doc. 23 at 1 n.1. So the court doesn't discuss its substance here.

"the literal requirements of 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.9." *Lask v. Kan. City, Kan. Cmty. Coll. Bd. of Trs.*, No. 23-2074-JWB, 2023 WL 5034375, at *6 (D. Kan. Aug. 8, 2023); *see also Howard v. Semco Duct & Acoustical Prods, Inc.*, No. 12cv00452, 2013 WL 4451117, at *2 (W.D. Va. Aug. 16, 2013) (explaining that a plain reading of Title VII and accompanying regulations "establish nothing more than (1) the aggrieved party or someone acting on his behalf must file a charge with the EEOC before bringing suit, and (2) the charge must be verified"). In *Lask*, our court rejected precisely the argument that defendant advances here. *Lask*, 2023 WL 5034375, at *6. Defendant argues that *Lask* didn't consider the authority it now cites. Doc. 23 at 1. That's not persuasive. None of the authority that defendant has cited compels a different result because none of those cases involved an attorney signing the EEOC charge under penalty of perjury.[5] Defendant never explains why the court should adopt an additional, atextual restriction.

Case law from outside of our judicial district supports this conclusion; Title VII regulations are agnostic about who verifies the charge. For instance, in *Howard v. Semco Duct*, the Western District of Virginia declined to dismiss a Title VII claim on exhaustion grounds when plaintiff's wife—not plaintiff—signed the charge under penalty of perjury. 2013 WL 4451117, at *2. So, too, in *EEOC v. Joon, LLC*, a case from the Middle District of Alabama. No. 18-MC-3836-WKW, 2019 WL 2134596 (M.D. Ala. May 15, 2019). There, an employee filed an EEOC charge on behalf of two other employees. *Id.* at *1. The court rejected the employer's challenge that the charge wasn't verified properly because the signer didn't have

---

[5] *See, e.g.*, *Fry v. Muscogee Cnty. Sch. Dist.*, 150 F. App'x 980, 981–82 (11th Cir. 2005) (concluding that *unverified* charge signed by attorney didn't satisfy verification requirements); *Glapion-Pressley v. City and County of Denver*, No. 21-1223, 2022 WL 1112965, at *2 (10th Cir. Apr. 14, 2022) (affirming dismissal on exhaustion grounds where plaintiff didn't sign charge under penalty of perjury).

5

personal knowledge of the allegations. *Id.* at *6. It explained that "an unsworn declaration satisfies the verification requirements of § 2000e–5(b) if [it] (1) includes a written assertion of facts that is true, (2) provides a declaration that the first assertion is made under penalty of perjury, and (3) is dated." *Id.* Because the third-party verification satisfied all three requirements, it sufficed. *Id.*

Grammar reinforces the point. The EEOC regulations explain the verification requirement in passive voice. *See* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall *be verified*." (emphasis added)). That's significant. "Passive voice pulls the actor off the stage." *Bartenwerfer v. Buckley*, 598 U.S. 69, 75 (2023). It "signifies that 'the actor is unimportant' or 'unknown.'" *Id.* (quoting Bryan Garner, *Modern English Usage* 676 (4th ed. 2016)). That is, "passive voice focuses on an event that occurs without respect to a specific actor[.]" *Dean v. United States*, 556 U.S. 568, 572 (2009); *see also Watson v. United States*, 552 U.S. 74, 81 (2007) (observing that passive voice reflects "agnosticism" about actor). This line of authority suggests that the regulations merely require that *someone* verifies the EEOC charge. They don't care who.

Defendant argues that plaintiff's attorney couldn't verify the EEOC charge because she didn't have personal knowledge of the facts asserted in the charge. Doc. 23 at 2. This argument has some ties to precedent. Several courts have suggested that the person signing the charge under penalty of perjury must have personal knowledge of the facts. *See, e.g.*, *Butler v. Greif, Inc.*, 325 F. App'x 748, 749 (11th Cir. 2009) ("While an attorney may file an EEOC charge on behalf of a client, the attorney's signature alone will not constitute verification if the attorney does not personally swear to the truth of the facts stated in the charge and does not have personal

6

knowledge of those facts."); *Fry*, 150 F. App'x at 982 n.2.  Still, the court declines to dismiss on this basis for two reasons.

*First*, neither Title VII nor its accompanying regulations support a personal-knowledge requirement.  Defendant argues that the dictionary definition of "verify" supports a personal-knowledge requirement.  Doc. 23 at 2 n.2.  But the regulations define "verify," 29 C.F.R. § 1601.3(a), so the court needn't resort to a dictionary.  *See Feliciano v. Dep't of Transp.*, 145 S. Ct. 1284, 1294 n.4 (2025) (explaining when a term is "subject to an express statutory definition," courts must "adhere" to the statutory definition "even if it varies from the term's ordinary meaning" (quotation cleaned up)).  And the regulatory definition of "verified" includes "supported by an unsworn declaration in writing under penalty of perjury."  29 C.F.R. § 1601.3(a).  This definition doesn't require personal knowledge.  *See Joon*, 2019 WL 2134596, at *6 (declining to inquire into signer's personal knowledge because verification satisfied everything the regulations require).  The court questions the wisdom of an attorney attesting to something of which she has no personal knowledge.  But the court finds no textual basis for imposing this added requirement.

And *second*, the court has no way to know whether plaintiff's attorney lacks personal knowledge of the facts asserted in the charge.  The charge itself reveals nothing about plaintiff's attorney's personal knowledge of the events alleged in the charge.  *See* Doc. 7-1 at 10.[6]  To this end, other courts have declined to inquire whether the signer had personal knowledge.  *See EEOC v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 992 (D. Minn. 2010).  Instead, courts

---

[6] As explained above, the court decides defendant's motion under a Rule 12(b)(6) standard, so it doesn't consider any material outside of the Complaint and the charge document.  But even if it did, defendant hasn't offered any evidence supporting its assertion that plaintiff's attorney didn't have personal knowledge of the event.  *See* Doc. 7 at 5 (citing just the charge itself for the assertion that plaintiff's attorney lacked personal knowledge).

"determine[] the validity of a charge based on 'the face of the charge, not from extrinsic evidence.'" *Id.* (quoting *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 650 (7th Cir. 2002)). So, even if the regulations required the signer to have personal knowledge, the court wouldn't reach a different result. This record offers no basis to conclude that plaintiff's attorney didn't have personal knowledge of the events alleged in the charge.

## IV.     Conclusion

The court rejects defendant's argument. The EEOC charge that plaintiff filed suffice because someone signed it under penalty of perjury. Title VII regulations don't require the plaintiff to sign the charge and the court declines to read an extratextual limitation into those regulations. The court thus denies defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (Doc. 6).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Recover-Care Rossville, LLC's Motion to Dismiss, or Alternatively, for Summary Judgment (Doc. 6) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of October, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
